UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER,                          Case No. 12-12124

            Plaintiff,                Gerald E. Rosen
v.                                        United States District Judge

MICHAEL LENNOX,                           Michael Hluchaniuk
                                          United States Magistrate Judge
            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 9)**

## I.    PROCEDURAL HISTORY

Plaintiff, Dwayne Stringer, proceeding *pro se*, filed this lawsuit against

defendant Michael Lennox on May 10, 2012 alleging violations of his

constitutional rights pursuant to 42 U.S.C. § 1983.  (Dkt. 1).  The complaint

consisted of a single substantive paragraph which alleged that defendant, Michael

Lennox, a corrections officer, used excessive force during an incident involving

plaintiff refusing to take apparently prescribed medication.  This paragraph in the

complaint does not include a date or place where these events allegedly took place.

However, attached to the complaint are copies of what purports to be a grievance

that plaintiff filed regarding this matter.  One of the attached documents, the page

relating to Step I of the grievance process, states that the events in question took

place on May 8, 2010.  Service of the complaint on defendant was made and a

motion for summary judgment was filed by defendant on June 8, 2012, contending

that plaintiff failed to exhaust his administrative remedies before filing the present

suit.  (Dkt. 9).  District Judge Gerald E. Rosen referred this matter for all pretrial

purposes to the undersigned that same date.  (Dkt. 10).

      Plaintiff filed a response to the motion for summary judgment on August 2,

2012. (Dkt. 16).  Twelve days later defendant filed a reply.  (Dkt. 17).  Plaintiff,

without leave of the court, filed a sur-reply on September 27, 2012. (Dkt. 18).[1]

Additionally, plaintiff filed a change of address with the Court on January 23,

2013, and in that document made certain allegations relating to the grievance he

relies on in support of his complaint.  (Dkt. 21).[2]

      For the reasons set forth below, the undersigned **RECOMMENDS** that the

Court **GRANT** defendant's motion for summary judgment and **DISMISS**

plaintiff's complaint against him **WITHOUT PREJUDICE**.

---

[1]  Under LR 7.1(e) the parties are limited to a motion, a response and a reply and therefore a sur-reply would not normally be allowed without leave of the court.

[2]  Plaintiff states in this pleading that on May 6, 2010, defendant Lennox took his Step I grievance form but that plaintiff sent in a Step III appeal which was returned to me.  These allegations are unsupported by an affidavit or declaration, were not submitted with the earlier pleadings,  and do not seem connected to the merits of this motion.  For purposes of this decision the allegations will be disregarded.

## II.     STATEMENT OF FACTS

### A.     Grievance Procedure

The grievance procedure in place during the period in which plaintiff filed his grievance involves four stages that an inmate must satisfy prior to seeking judicial review, each within specific time limits.  First, within two days of discovering a grievable issue, the inmate must attempt to verbally resolve the issue with those involved.  (Dkt. 9-2, Pg ID 56, ¶ P).  If this attempted resolution is unsuccessful, the inmate may then file a Step I grievance form which "must" be filed within five business days of the attempted resolution.  *Id.*   If the inmate is not satisfied with the response at Step I, he may request a Step II appeal form and file it within ten business days of the response.  (Dkt. 9-2, Pg ID 58, ¶ BB).  If the inmate is dissatisfied with the result at Step II, he has ten business days to appeal to Step III.  (Dkt. 9-2, Pg ID 59, ¶ FF).  The Step III response concludes the administrative grievance process set forth in MDOC Policy Directive 03.02.130.  In filing a grievance and/or grievance appeals, an inmate must state the facts involved with the issue being grieved and must also include the dates, times, places, and names of all those involved in the issue being grieved. (Dkt. 9-2, Pg ID 56, ¶ R).

The grievance procedure contains several bases on which a grievance must or may be rejected.  A grievance "shall" be rejected if it contains profanity, threats

of physical harm, or language which demeans the character, race, ethnicity, physical appearance, gender, religion or national origin of any person unless such language is necessary to the description of the events. (Dkt. 9-2, Pg ID 55, ¶ G). A grievance may also be rejected if it is vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant, if it is filed in violation of a "modified access" status, if there was no attempt to resolve the issue with staff, or if the grievance is filed in an untimely manner. (Dkt. 9-2, Pg ID 55, ¶G.1-4).

      B.    <u>Grievance Filed By Plaintiff</u>

Attached to plaintiff's complaint are three pages reflecting what purports to be a grievance he filed relating to the claim made in the complaint. The first page appears to be a Step I grievance form containing a substantially illegible statement of the issue being grieved. The form, which indicates it was completed on March 22, 2012, identifies the date of the incident as May 8, 2010. The grievance coordinator states the grievance was received on April 11, 2012. (Dkt. 1, Pg ID 5). The second page appears to be a "grievance rejection letter" dated April 11, 2012, which states the grievance is being rejected at Step I because it was "untimely." (Dkt. 1, Pg ID 6). The third page of the attachment to the complaint appears to be a Step II and Step III grievance form. The Step II "Reason for Appeal" portion of the form is substantially illegible. The Step III "Reason for

Appeal," which is legible, indicates plaintiff is in a "prison out patient mental health treatment program" and that his Step III appeal was not responded to "at any stage of the grievance." (Dkt. 1, Pg ID 7). This page does not indicate that it was received by any grievance coordinator or other prison official.

In defendant's motion for summary judgment it is noted, without challenge to its authenticity, that plaintiff attached a grievance to the complaint but defendant asserts that the grievance was "unambiguously rejected at Step I" and that "Plaintiff failed to appeal this grievance to Step II or Step III." (Dkt. 9, Pg ID 45). Additionally, defendant has submitted an affidavit in conjunction with the motion signed by Richard D. Russell, manager of the Grievance Section of the MDOC, stating that all Step III appeals, since May 1, 2011, are entered into a data base and that after checking that data base it was determined that as of the date the complaint was filed plaintiff had "not appealed any grievances to Step III of the MDOC prisoner/parolee grievance process." (Dkt. 9-3, Pg ID 64).

In his response, plaintiff asserts that he did appeal through Step III, which is contrary to the sworn affidavit of Mr. Russell. (Dkt. 16, Pg ID 89). This assertion is supported by plaintiff's affidavit although there are no documents which appear to substantiate this claim.

## II.     ANALYSIS AND CONCLUSIONS

### A.     Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents,

electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact.  Fed.R.Civ.P. 56(c)(1).[3]

    B.    <u>Exhaustion of Administrative Remedies</u>

        1.    Legal standards

In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007), the United States Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 923. The Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process.  *Id.* Moreover, the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense.  *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable MDOC grievance procedure and defendants

---

    [3]  Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting, 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record.  Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language changes have not changed the standard itself.  *Id.* ("The standard for granting summary judgment remains unchanged.").

bear the burden of showing otherwise. *Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden-the plaintiff on a claim for relief of the defendant on an affirmative defense-his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.

### 2.    Purpose of exhaustion requirement

The Supreme Court defines proper exhaustion under 42 U.S.C. § 1997e(a) as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 quoting, *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). "Proper exhaustion demands compliance with an agency's deadlines and

other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. The Supreme Court also observed that "[t]he PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93, quoting, *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (alteration omitted). Exhaustion serves a dual purpose: it gives prisoners "an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id.* at 94. Additionally, the exhaustion requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones*, 127 S.Ct. at 915-16.

Before *Jones* invalidated the additional exhaustion procedures placed on prisoner civil rights suits by the Sixth Circuit, a prisoner was required to "file a grievance against the person he ultimately seeks to sue," and exhaust the claim as to each defendant associated with the claim. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The critical holding in Jones was that the PLRA does not impose additional exhaustion procedures or requirements outside the prison's grievance procedures. As observed in *Jones*, the primary purpose of a grievance is to alert

prison officials of a particular problem. *Jones*, 127 S.Ct. at 923; *see also Bell v. Konteh*, 450 F.3d 651, 651 (6th Cir. 2006) ("[I]t is sufficient for a court to find that a prisoner's [grievance] gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint."). In *Baker v. Vanderark*, 2007 WL 3244075, *7 (W.D. Mich. 2007), the court held that, under the PLRA and *Woodford*, "both parties are obligated to raise objections in the administrative proceedings in order for the issue to be properly before a reviewing court." The *Baker* court also concluded that a "fair interpretation of PD 03.02.103 gives the Grievance Coordinator discretion to accept or reject a grievance that fails to identify specific defendants on the basis of the grievance being vague." *Id.*

  3.  Plaintiff failed to exhaust his administrative remedies.

  Plaintiff's grievance was rejected for failure to comply with the MDOC's grievance policy relating to timeliness. Plaintiff appears to argue that the grievance was rejected for vagueness based on his poor handwriting but the copy of the grievance documents attached to the complaint clearly reflect that the stated basis of the rejection was timeliness. (Dkt. 1, Pg ID 6). Plaintiff's response seeks to excuse his failure to comply with the grievance procedure by contending he could not get any help to complete the forms and due to his mental illness. (Dkt. 16, Pg ID 86-87). His grievance was filed almost two years after the event in

question and he did not justify the delay at the time he filed the grievance nor did
he provide any specific information in the course of this litigation to explain a
delay of that length.  He even asserts, in his response, that he appealed the
grievance through Step III, but that claim is not supported by any evidence.  (Dkt.
16, Pg ID 89).  Under the circumstances, the undersigned concludes that plaintiff
has failed to establish any genuine issue of material fact that the rejected grievance
was not exhausted and defendant is entitled to summary judgment on this basis.
Plaintiff has asserted, supported by his personal affidavit, that he attempted to
appeal the Step I rejection of his grievance but for various reasons was not
allowed to accomplish that.  Defendant has asserted, supported by an affidavit of
the person in charge of maintaining the records of such matters, that plaintiff did
not complete the grievance process through Step III.  Even if these conflicting
factual assertions did create a question of fact, this fact would not alter the
outcome of this motion.  Plaintiff did not comply with the grievance procedure by
virtue of the uncontested fact that his grievance was filed almost two years after
the event that he contends was grievable.  His grievance was rejected and that
rejection appears to be entirely appropriate and consistent with the MDOC policy
and procedures for grievances.

## III.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Court **GRANT** defendant's motion for summary judgment and **DISMISS** plaintiff's complaint against him **WITHOUT PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

Report and Recommendation
Motion to Dismiss
*Stringer v. Lennox*; Case No. 12-12124

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 1, 2013                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on February 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Allan J. Soros, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Dwayne Stringer, ID# 199442, WOODLAND CENTER CORRECTIONAL FACILITY, 9036 E. M-36, Whitmore Lake, MI 48189.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motion to Dismiss
*Stringer v. Lennox*; Case No. 12-12124